IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00051-LTB-KLM

NAQUETTA O. RICKS,

    Plaintiff,

v.

BANK OF AMERICA NA,
BAC HOME LOAN SERVICING, L.P.,
FEDERAL NATIONAL MORTGAGE ASSOCIATION, and
JOHN DOES 1 THROUGH 5,

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [Docket No. 18; filed April 24, 2012]. The Court ordered Plaintiff to show cause as to "why this matter should not be dismissed due to her failure to prosecute." [#18] at 2. Plaintiff's deadline for compliance with the Order to Show Cause was May 7, 2012. *Id.* To date, Plaintiff has neither filed a response nor informally contacted the Court in any manner.

    Although Plaintiff is proceeding in this lawsuit without an attorney, she bears the responsibility of prosecuting her case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As noted in the Order to Show Cause, Defendants filed their Motion to Dismiss Plaintiff's Complaint and Jury Demand Pursuant to Fed. R. Civ. P. 12(b)(6) on February 14, 2012 [#8].  Pursuant to D.C.COLO.LCivR 7.1C. and Fed. R. Civ. P. 6, Plaintiff's Response was due on or before March 12, 2012.  Plaintiff filed a motion for an extension of time to submit her response on March 8, 2012, which the Court granted on March 13, 2012, resetting the response deadline to March 15, 2012 [#13].  Plaintiff did not file a response by March 15, 2012.  After that deadline, on March 30, 2012, Plaintiff filed a second motion for extension of time, which the Court struck due to Plaintiff's failure to comply with D.C.COLO.LCivR 7.1A. [#17].  To date, Plaintiff has not responded to the Motion to Dismiss, or to the Order to Show Cause.  Plaintiff's conduct indicates to the Court that she no longer intends to prosecute this lawsuit.

The Court warned Plaintiff in the Order to Show Cause that her failure to timely comply with the instruction to respond would result in a recommendation that this matter be dismissed due to Plaintiff's failure to prosecute.  [#18] at 2.  Given Plaintiff's failure to file a response to Defendants' Motion to Dismiss or to the Order to Show Cause, the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider *sua sponte* whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an

action.[1]  The factors are:  "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'"  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no intention of seeking resolution of this matter on the merits.  Although service was effected on Defendants, who timely filed the Motion to Dismiss, Plaintiff did not file a Response in opposition to the Motion.  More importantly, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the Order to Show Cause regarding her intent to prosecute this case.  These facts demonstrate that Plaintiff has abandoned her lawsuit, and the above-stated *Ehrenhaus* factors weigh in favor of dismissal without prejudice.[2]  Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#18] is **MADE ABSOLUTE**.  Thus,

---

[1] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

[2] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort."  *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).

IT IS HEREBY **RECOMMENDED** that Plaintiff's Complaint [#1] be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) for Plaintiff's failure to prosecute.

IT IS FURTHER **ORDERED** that Defendants' Motion to Dismiss [#8] is **DENIED AS MOOT**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 9, 2012

BY THE COURT:

*[signature]*

Kristen L. Mix
United States Magistrate Judge